IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | |
|---|---|
| STEPHANIE RAO, *et al.*, | * |
| Plaintiffs, | * |
| vs. | *   CASE NO. 3:24-CV-121 (CDL) |
| TROPICAL BAR BY PUNTA CANA, LLC, | * |
| Defendant. | * |

O R D E R

Plaintiffs are professional models who contend that Defendant misappropriated their images and used them in advertising for Defendant's bar, Tropical Bar.  Plaintiffs brought this action under Section 43 of the Lanham Act, 15 U.S.C. § 1125, and Georgia law. Defendant moved to dismiss several of Plaintiffs' claims. As discussed below, the Court grants in part and denies in part the motion to dismiss (ECF No. 8).

MOTION TO DISMISS STANDARD

"To survive a motion to dismiss" under Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  The complaint must include sufficient factual allegations "to raise a right to relief above the speculative level."  *Twombly*, 550 U.S. at 555.  In other words, the factual allegations must

"raise a reasonable expectation that discovery will reveal evidence of" the plaintiff's claims. *Id.* at 556. But "Rule 12(b)(6) does not permit dismissal of a well-pleaded complaint simply because 'it strikes a savvy judge that actual proof of those facts is improbable.'" *Watts v. Fla. Int'l Univ.*, 495 F.3d 1289, 1295 (11th Cir. 2007) (quoting *Twombly*, 550 U.S. at 556).

FACTUAL BACKGROUND

Plaintiffs allege that their images were featured in several of Defendant's Instagram advertisements for Tropical Bar posted between October 2022 and November 2024. Compl. ¶¶ 25, 28, 31, 34, 37 & Exs. A-E, ECF No. 1. Plaintiffs further allege that they never worked for Tropical Bar, never endorsed Tropical Bar, and never authorized Defendant to use their images to promote Tropical Bar.

Plaintiffs assert the following claims against Defendant: (1) false association under § 43 of the Lanham Act, 15 U.S.C. § 1125(a)(1)(A); (2) false advertising under § 43 of the Lanham Act, 15 U.S.C. § 1125(a)(1)(B); (3) common law right of publicity; (4) common law right of privacy – false light; (5) violation of Georgia's Uniform Deceptive Trade Practices Act, O.C.G.A. § 10-1-370 *et seq.*; (6) defamation; (7) conversion; (8) unjust enrichment; and (9) quantum meruit. Plaintiffs seek damages and an injunction permanently enjoining Defendant from using their images.[1] There is no dispute that Georgia law applies to Plaintiffs' state law tort

---

[1] Plaintiffs also asserted a negligence claim, but they withdrew it, so that claim is dismissed.

claims because Plaintiffs allege that Defendant committed the torts in Georgia.

## DISCUSSION

Defendant argues that the Court should deny Plaintiffs' request for injunctive relief as moot, dismiss their claims for false light for failure to state a claim, and dismiss some of their defamation and right of publicity claims as time-barred. The Court addresses each argument in turn.

## I.   Claims for Injunctive Relief

Plaintiffs assert that they are entitled to an injunction permanently enjoining Defendant from using their images in Defendant's advertising. Defendant contends that the request for injunctive relief is moot because after Plaintiffs filed this action, Defendant voluntarily removed from its advertising the images referenced in Plaintiffs' complaint. The Court understands that it must dismiss a case once it no longer presents an active controversy. *See BankWest, Inc. v. Baker*, 446 F.3d 1358, 1364 (11th Cir. 2006) (per curiam) (explaining mootness doctrine in the context of a case where the government took regulatory action to prevent the loan practices that the plaintiffs sought to enjoin, which as a practical matter made the defendants stop the loan practices and rendered the action moot). Here, though, Plaintiffs do not allege or acknowledge that Defendant has removed their images from its advertising, nor do they concede that their request for injunctive

3

relief is moot. At this stage in the litigation, the Court declines to dismiss the claim for injunctive relief on mootness grounds. This ruling shall not preclude Defendant from seeking judgment as a matter of law on this issue in the future if the evidence supports Defendant's contention that Plaintiffs' request for injunctive relief is moot.

**II.  False Light Claims**

Defendant's next argument is that Plaintiffs did not adequately allege facts to support their false light claims. Plaintiffs assert that Defendant violated their common law right to privacy by placing them in a false light. To establish a claim of false light invasion of privacy in Georgia, "a plaintiff must show the existence of false publicity that depicts the plaintiff as something or someone which [s]he is not." *Doe v. Roe*, 864 S.E.2d 206, 216 (Ga. Ct. App. 2021) (quoting *Williams v. Cobb Cnty. Farm Bureau, Inc.*, 718 S.E.2d 540, 543 (Ga. Ct. App. 2011)). In addition, "the plaintiff must demonstrate that the false light in which [s]he was placed would be highly offensive to a reasonable person." *Id.* (quoting *Williams*, 718 S.E.2d at 543).

As Defendant acknowledges, Plaintiffs allege that Defendant's advertisements publicly depicted Plaintiffs as promoting Tropical Bar when they did not. Defendant contends, though, that Plaintiffs did not allege any facts to suggest that the false light they were placed in would be highly offensive to a reasonable person, pointing

4

out that Georgia law does not protect hypersensitive individuals. For example, in *Association Services, Inc. v. Smith*, 549 S.E.2d 454, 460 (Ga. Ct. App. 2001), a private investigator's video recording of a lady doing her job watering plants and filling birdbaths did not meet the "offensiveness" requirement. In contrast, Georgia does recognize a false light claim if a reasonable person would be highly offended by the false light in which they were placed, such as when a person spreads a false claim that his former companion gave him a sexually transmitted disease or a bank falsely advertises that a person's home is in foreclosure. *Doe*, 864 S.E.2d at 216; *Bazemore v. U. S. Bank Nat'l Ass'n*, 872 S.E.2d 491, 499 (Ga. Ct. App. 2022).

Here, Plaintiffs allege that Defendant used their images to promote Tropical Bar's theme parties with alcoholic beverages "in a sexually charged atmosphere," falsely creating the impression that Plaintiffs endorsed such parties. Compl. ¶ 39. The Court is satisfied that these allegations are sufficient to meet the "offensiveness" requirement. The Court therefore denies Defendant's motion to dismiss on this ground.

**III. Defamation Claims**

Defendant next contends that Plaintiffs' defamation claims are time-barred if they are based on advertisements that were published before November 26, 2023. *See Infinite Energy, Inc. v. Pardue,* 713 S.E.2d 456, 463 (Ga. Ct. App. 2011) (categorizing defamation claims

5

as "injury to the reputation" claims subject to a one-year statute of limitations under O.C.G.A. § 9-3-33). Plaintiff withdrew their defamation claims based on advertisements that were published before November 26, 2023, so those claims are dismissed.

**IV. Right of Publicity Claims**

Finally, Defendant argues that O.C.G.A. § 9-3-33, Georgia's two-year statute of limitations for injury to the person, applies to Plaintiffs' right of publicity claims, so any right of publicity claim based on advertisements published before November 26, 2022 is time-barred. In support of this argument, Defendant relies on cases regarding right of *privacy* claims based on misappropriation of a person's likeness. *See, e.g., Hudson v. Montcalm Publ'g Corp.*, 379 S.E.2d 572, 577 (Ga. Ct. App. 1989) (concluding that two-year statute of limitations for injury to the person applies to the tort of invasion of *privacy*).

But Georgia courts recognize a "fundamental distinction" between invasion of *privacy* causes of action "involving injury to feelings, sensibilities or reputation" (where general damages are recoverable) "and those involving an appropriation of rights in the nature of property rights for commercial exploitation" (where the measure of damages "is the value of the appropriation to the user"). *Martin Luther King, Jr., Ctr. for Soc. Change, Inc. v. Am. Heritage Prods., Inc.*, 296 S.E.2d 697, 702-03 (Ga. 1982) (quoting *Cabaniss v. Hipsley*, 151 S.E.2d 496, 504 (Ga. Ct. App. 1966)). Plaintiffs'

6

right to *publicity* claims are thus for injury to personal property, so Georgia's statute of limitations for injury to personalty applies. Under that statute, O.C.G.A. § 9-3-31, a cause of action for injury to personal property must be brought "within four years after the right of action accrues." Here, Plaintiffs' right of publicity claims are based on advertisements that were published less than four years before Plaintiffs filed their complaint, so the right of publicity claims are not time-barred. The Court denies Defendant's motion to dismiss the right of publicity claims on this ground.

## CONCLUSION

For the reasons set forth above, the Court denies Defendant's motion to dismiss (ECF No. 8) as to Plaintiffs' prayer for injunctive relief, Plaintiffs' false light invasion of privacy claims, and Plaintiffs' right of publicity claims. The Court grants the motion to dismiss as to Plaintiffs' negligence claims and as to Plaintiffs' defamation claims based on advertisements published before November 26, 2023.

IT IS SO ORDERED, this 11th day of April, 2025.

S/Clay D. Land
CLAY D. LAND
U.S. DISTRICT COURT JUDGE
MIDDLE DISTRICT OF GEORGIA